IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DERRICK LAMONT MOORE,

                  Plaintiff,

v.

CHIEF ROBERT P. WEIER,
OFFICER ALAN SCHRANK and
MINERAL POINT POLICE DEPARTMENT,

                  Defendants.

ORDER

11-cv-800-slc
_____

      This case was closed when plaintiff Derrick Moore failed to supplement his inmate trust fund account statement for the purpose of allowing the court to determine whether he qualified to proceed with this case *in forma pauperis*. As it turns out, the court did not have plaintiff's current address: the order mailed to plaintiff directing him to provide the supplemental trust fund account statement was returned to the court as undeliverable because plaintiff was no longer in the custody of the Dane County Jail. Now plaintiff has submitted a letter explaining why he could not provide the original requested six-month trust fund account statement as well as a prisoner trust fund account statement from the Dodge Correctional Institution for the period from December 7, 2011 to January 26, 2012. I will construe plaintiff's letter as a motion to reopen this case and will grant his motion.

      From plaintiff's resident account statement from the Dane County Jail and the prisoner trust fund account statement from Dodge Correctional Institution, I conclude that plaintiff has the means to prepay a portion of the filing fee in the amount of $10.63. Plaintiff is reminded that paying the amount I have determined he is able to prepay is just the first step in obtaining leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. After the court receives plaintiff's payment, I will take his complaint under advisement for a determination under § 1915(e)(2) whether the action or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from

such relief. Plaintiff should show a copy of this order to institution officials to insure that they are aware they should send plaintiff's initial partial payment to this court. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $10.63 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that

1. Plaintiff's motion to reopen this case is GRANTED.

2. Plaintiff is assessed $10.63 of the $350 filing fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $10.63 on or before February 24, 2102. If, by February 24, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 3rd day of February, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge